IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE/MODIFY SENTENCE WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION |
| vs. | |
| BLAINE C. LOFTUS, Defendant. | Case No. 1:05-CR-69 TS |

Defendant is serving a 70-month federal sentence. By his Motion, Defendant challenges the manner in which the Bureau of Prisons has calculated his sentence.

The Court having considered Defendant's Motion finds that it should have been filed as a Petition under 28 U.S.C. § 2241, because it primarily alleges violations of due process in the execution of the court-imposed sentence—specifically the Bureau of Prison's calculation of his sentence.[1] Section 2241(a) provides that a "[w]rit[] of habeas

---

[1] *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.").

corpus may be granted by [one of the federal courts] within their respective jurisdictions." Defendant is confined in Colorado. The Tenth Circuit has clarified that " . . . a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be filed in the district where the prisoner is confined*."[2] The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C.§ 2241(b).

In this case, Defendant has filed his request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where he is confined. Because it was filed as a Motion rather than a Petition, Defendant has not paid the filing fee necessary to file such a Petition, nor has he moved to proceed with a § 2241 petition in forma pauperis, and, therefore, there is no Petition to transfer. Accordingly, it is

ORDERED that Defendant's Motion for Credit for Time Served (Docket No. 37) is DENIED WITHOUT PREJUDICE to its refiling as a Petition under U.S.C. § 2241 in the federal district court in the district where he is currently confined.

DATED December 30, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).